Case 4:25-cv-02643   Document 15   Filed on 07/29/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROMELIA PINEDA and JOSE BAQUERANO,** §§§§<br>    Plaintiffs, | |
| VS. § | **CIVIL ACTION NO. 4:25-cv-2643** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** §§§§§<br>    Defendant. | |

# ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion for Abatement of Extra-Contractual Causes of Action and for Separate Trials. Dkt. 11. Having reviewed the briefings and applicable law, the Court **GRANTS** the motion for the following reasons.

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials of claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision to bifurcate claims is "within the sole discretion of the trial court." *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). Here, Defendant seeks to sever and abate Plaintiffs' extra-contractual claims—including claims under the Texas Insurance Code, the Deceptive Trade Practices Act, and for negligent misrepresentation and fraudulent inducement—pending resolution of the underlying contractual underinsured motorist (UIM) claim.

The Texas Supreme Court recently reaffirmed in *In re State Farm Mutual Automobile Insurance Co.*, No. 23-0755, 2025 WL 1197532, at *5 (Tex. Apr. 25, 2025), that extra-contractual claims in UIM cases must be severed or bifurcated and abated until the predicate

contractual claim is resolved. The court emphasized that an insurer's duty to pay UIM benefits arises only after a judicial determination of the underinsured motorist's liability and the insufficiency of their coverage. *Id.* at *3–4. This rationale aligns with longstanding Texas precedent holding that extra-contractual claims are premature until the insured establishes a right to UIM benefits. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006); *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000).

While federal courts are not bound by Texas procedural rules, they may look to state law for guidance in cases involving state-law claims. *See Greil v. Geico*, No. 3:01-CV-0352-H, 2001 WL 1148118, at *1 (N.D. Tex. Sept. 18, 2001) ("Texas courts are in the best position to determine when claims arising under Texas law warrant separate trials."). Consistent with this approach, federal courts in Texas have repeatedly granted severance and abatement in UIM cases to avoid prejudice, conserve judicial resources, and prevent unnecessary litigation of claims that may be rendered moot. *See, e.g., Maguire v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 13441595, at *3 (S.D. Tex. Mar. 3, 2020); *Perez v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 2075931, at *2 (S.D. Tex. May 10, 2019).

Plaintiffs' arguments against bifurcation—including overlapping facts and potential inefficiency—are outweighed by the risk of prejudice to State Farm and the likelihood that extra-contractual discovery may prove unnecessary if the contractual claim fails. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (noting the prejudicial effect of conflating settlement evidence with coverage disputes). Judicial economy is best served by resolving the contractual claim first, as it is a prerequisite to the extra-contractual claims. *See In re State Farm*, 2025 WL 1197532, at *6.

I.      Conclusion

For these reasons, Defendant's Motion for Abatement of Extra-Contractual Causes of Action and for Separate Trials (Dkt. 11) is **GRANTED**. Plaintiffs' extra-contractual claims are **SEVERED** and **ABATED** pending resolution of the contractual UIM claim.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 29, 2025.

                                            Keith P. Ellison
                                            United States District Judge